United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HANNAH SCHEIDT,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 25-cv-02805-BLF

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Re: ECF No. 28]

Before the Court is Defendant Ford Motor Company's ("Ford") Motion for Partial Summary Judgment as to Plaintiff's Fifth Cause of Action for Fraudulent Inducement-Concealment. ECF No. 28-11 ("MSJ") at 1. In opposition, Plaintiff Hannah Scheidt argues that the Court should deny Ford's motion pursuant to Federal Rule of Civil Procedure 56(d). ECF No. 29 ("MSJ Opp.") at 2. For the reasons set forth below, the Court DENIES Ford's motion for summary judgment.

## I. BACKGROUND

On September 20, 2022, Scheidt purchased a 2022 Ford Mustang (the "Subject Vehicle"), which was equipped with a 10R80 automatic transmission. ECF No. 1-2 at ¶¶ 10, 26–29. Scheidt maintains that during the warranty period, the Subject Vehicle began manifesting defects, including signs of a defective transmission. *Id.* at ¶ 15. Scheidt filed this lawsuit on December 12, 2024, alleging, in part, a cause of action for fraudulent inducement-concealment. *Id.* at ¶ 59. In support of this cause of action, Scheidt claims that Ford knew that the 10R80 transmission was defective, but "concealed and failed to disclose" this defect at the time of sale. *Id.* at ¶¶ 60–63.

In its motion for partial summary judgment, Ford contends that "Plaintiff has no evidence that Ford had prior knowledge of any purported [transmission] defect, or that it intentionally

United States District Court
Northern District of California

concealed a defect from Plaintiff." MSJ at 8. In opposition, Scheidt contends that Ford's "motion is premature" because its "discovery responses are deficient." MSJ Opp. at 2, 14. In support of her claim, Scheidt references numerous, recently unsealed, exhibits from *Avila v. Ford Motor Co*. No. 22-cv-00542, 2026 WL 508364 (N.D. Cal. Feb. 24, 2026) (denying Ford's motion for summary judgment on a fraudulent concealment claim due to genuine issues of material fact regarding Ford's pre-sale knowledge of 10R80 transmission defects). Scheidt claims that these exhibits "firmly establish[]" that Ford knew the 10R80 transmission was defective before she purchased the Subject Vehicle. MSJ Opp. at 2–7. Scheidt also provides a declaration noting that she propounded discovery on 10R80 transmission defects, but Ford did not produce the relevant documents filed in *Avila*. ECF No. 29-1 at 2–4. Given this outstanding discovery, Scheidt argues that the Court should deny Ford's motion pursuant to Fed. R. Civ. P. 56(d). MSJ Opp. at 2.

## II. LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). When deciding a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *Id.*

Under Rule 56(d), if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)–(3). A party seeking relief under Rule 56(d) must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

## III. DISCUSSION

The Court finds that Scheidt has satisfied the requirements of Fed. R. Civ. P. 56(d). Scheidt included a declaration identifying documents from *Avila* that could corroborate her position that Ford knew the 10R80 transmissions were defective. ECF No. 29-1 at 2–3. Scheidt argues that if Ford had produced these documents during discovery, they would have raised a genuine dispute of material fact as to Ford's pre-sale knowledge. *See* Fed. R. Civ. P. 56(a). When viewed in the light most favorable to Scheidt, this evidence would have been "essential to justify [her] opposition." *See* Fed. R. Civ. P. 56(d). Where the nonmovant has shown by declaration that "it cannot present facts essential to justify its opposition" due to deficient or outstanding discovery, the Court may "defer considering the [summary judgment] motion or deny it." *Id.* Because Ford failed to produce relevant documents during discovery, the Court hereby DENIES its motion for summary judgment.

## IV. ORDER

For the foregoing reasons, Defendant Ford's Motion for Partial Summary Judgment as to Plaintiff Scheidt's Fifth Cause of Action for Fraudulent Inducement-Concealment is DENIED.

**IT IS SO ORDERED.**

Dated: October 15, 2026

BETH LABSON FREEMAN
United States District Judge